UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DORCHESTER FINANCIAL SECURITIES,
INC.

                Plaintiff,                                                    11 Civ. 1529 (KMW)
                                                                       OPINION & ORDER

-against-

BANCO BRJ, S.A.,

                Defendant.
------------------------------------------------------------------X
WOOD, U.S.D.J.:

       On March 7, 2011, Plaintiff Dorchester Financial Securities, Inc. ("Plaintiff") brought this diversity action against Defendant Banco BRJ, S.A. ("Defendant") for breach of contract and fraud in connection with a letter of credit that it alleges was extended to it by Defendant. Defendant moved to dismiss Plaintiff's claims, arguing that: (1) the Court lacked personal jurisdiction over Defendant; (2) the action was improperly brought by the wrong entity; and (3) even if Plaintiff were the proper entity to bring suit, the action was nonetheless time barred. This Court agreed with Defendant's first argument and dismissed Plaintiff's claims for lack of personal jurisdiction, without addressing Defendant's second or third arguments. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 11 Civ. 1529, 2012 WL 231567 (S.D.N.Y. Jan. 24, 2012) (Wood, J.) [Dkt. No. 34]. Plaintiff appealed, and the Second Circuit Court of Appeals vacated the dismissal and remanded the case for further proceedings consistent with its opinion. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013). The Court now addresses Defendant's second and third arguments for dismissal; for the reasons stated below, they are DENIED.

1

I.   BACKGROUND

A.   Relevant Facts[1]

Defendant is a foreign financial institution located in Brazil. (First Amended Complaint ("FAC") ¶ 2 [Dkt. No. 24]). Plaintiff is a Florida corporation that was incorporated on September 21, 2001. (FAC ¶ 3). On March 25, 2005, Plaintiff changed its corporate name from Dorchester Financial Services, Inc. to Dorchester Financial Holdings Corporation. (*Id.*). It is currently an inactive corporation. (*Id.*).

This case's factual background is detailed in the Court's January 24, 2012, Opinion and Order, familiarity with which is assumed. *See Dorchester*, 2012 WL 231567, at *1–3. Briefly stated, Plaintiff alleges that, in October 2001, it entered into an agreement with Defendant and a third party, providing for Plaintiff to be the beneficiary of a letter of credit issued by Defendant. (FAC, Prelim. Stmt., ¶ 4). According to the FAC, the letter of credit was for $250 million, even though the agreement stated that Defendant would provide a letter of credit for $100 million. (FAC, Prelim. Stmt., ¶¶ 4, 15). Plaintiff asserts that it initially paid a $500,000 fee for the letter of credit and that Defendant later demanded an additional $250,000, of which Plaintiff paid $100,000. (FAC, Prelim. Stmt.). Defendant, however, purportedly refused to honor the letter of credit and ultimately told Plaintiff, in July 2002, that it had canceled the letter of credit. (FAC, Prelim. Stmt., ¶¶ 12, 25).

B.   Procedural History

As the Second Circuit noted on appeal, "this suit has a long and somewhat tortured history." *Dorchester*, 722 F.3d at 82.

---

[1]   The following facts are taken from Plaintiff's First Amended Complaint and are assumed to be true for purposes of Defendant's motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ("When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint.").

1. <u>The Prior Action</u>

In 2002, Plaintiff sued Defendant over the failed letter of credit transaction, alleging breach of contract and fraud. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 02 Civ. 7504 (S.D.N.Y. 2002) (Wood, J.) (the "Prior Action"). Defendant failed to appear, and Plaintiff obtained a default judgment. *See* Default Judgment, 02 Civ. 7504 (S.D.N.Y. Nov. 11, 2002) [Dkt. No. 10]. Following an inquest, a final judgment was entered against Defendant in the amount of $112,279,452.05. *See* Order, 02 Civ. 7504 (S.D.N.Y. Nov. 25, 2003) [Dkt. No. 24].

In 2010, however, Plaintiff moved to vacate the judgment it had obtained. *See* Pet. to Vacate, 02 Civ. 7504 (S.D.N.Y. Dec. 2, 2010) [Dkt. No. 70]. Plaintiff had found that the judgment was unenforceable against Defendant in Brazil because Plaintiff had not served process by letters rogatory, as required by Brazilian law. And Plaintiff was unable to simply re-serve Defendant within the same action, as doing so "might be perceived as tainted" by the Brazilian legal system. Aff. in Support of Pet. to Vacate ¶ 10, 02 Civ. 7504 (S.D.N.Y. Dec. 2, 2010) [Dkt. No. 71]. Plaintiff explained to the Court that, in order to recover from Defendant, it instead needed to serve Defendant by letters rogatory in a new action. *Id.* On February 23, 2011, this Court granted Plaintiff's motion to vacate the default judgment and explicitly permitted Plaintiff to file a new action. *See* Order, 02 Civ. 7504 (S.D.N.Y. Feb. 23, 2011) [Dkt. No. 73] (dismissing the suit "without prejudice to re-commence").

2. <u>The Current Action</u>

On March 7, 2011, Plaintiff filed this action against Defendant (the "Current Action"), also alleging breach of contract and fraud. On January 24, 2012, the Court granted Defendant's motion to dismiss for lack of personal jurisdiction, finding that Defendant had "offered an overwhelming amount of 'direct, highly specific testimonial evidence'" that it "was never

3

involved in the events giving rise to this cause of action" and that the documents upon which Plaintiff relied were forgeries, "none of which [Plaintiff] ha[d] sufficiently refuted." *Dorchester*, 2012 WL 231567, at *5 (quoting *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006) (Chin, J.)).

On appeal, the Second Circuit vacated and remanded, holding that this Court should not have resolved the parties' factual dispute over the authenticity of Plaintiff's evidence, "in the absence of an evidentiary hearing." *Dorchester*, 722 F.3d at 86 (rejecting a contrary principle derived from a line of cases from the Southern District of New York). The Second Circuit explained that, unless or until an evidentiary hearing is held, "a *prima facie* showing of personal jurisdiction"—which the Second Circuit found Plaintiff had made—is sufficient to survive a motion to dismiss. *Id.* at 85–86.

Upon remand, the parties submitted a joint status letter requesting that the Court rule on Defendant's additional arguments for dismissal, which the Court had not addressed in its January 24, 2012, decision. [Dkt. No. 42].

## II. ANALYSIS

Defendant's additional arguments for dismissal are based on two contentions. First, Defendant asserts that Plaintiff is not the same Dorchester entity that brought the Prior Action and that this suit should therefore be dismissed. The Court finds, however, that Plaintiff is the same entity that brought the Prior Action. Second, Defendant argues that, even if Plaintiff is the same entity that brought the Prior Action, Plaintiff is nonetheless time barred. The Court likewise finds this argument unavailing.[2]

---

[2] In footnote 11 of its opening brief, Defendant also argues that the Complaint's fraud claims "are duplicative" of its breach of contract claims and "must be dismissed." (Def.'s Mem. of Law in Supp. of Mot. to Dismiss, at 21 n.11 [Dkt. No. 11]). Although this point could have merit, it will not be addressed where mentioned solely in a footnote. The argument can be reasserted later in this action, but it is "not adequately presented for

4

### A.   Plaintiff Is the Same Entity That Brought the Prior Action

The plaintiff in the Prior Action was Dorchester Financial Securities, Inc.  *See* Prior Action Compl., 02 Civ. 7504 (S.D.N.Y. Nov. 11, 2002) [Dkt. No. 1].  On March 25, 2005, Dorchester Financial Securities, Inc. changed its name to Dorchester Financial Holdings Corp. (*See* Decl. of Lyndon M. Tretter in Supp. of Def.'s Mot. to Dismiss (hereinafter "Tretter Decl.") ¶ 10, Ex. E [Dkt. No. 12]; *see also* FAC ¶ 3).  On June 2, 2011, almost three months after the Current Action was filed in March 2011, Plaintiff incorporated an entity named Dorchester Financial Securities, Inc., in Florida.  (*See* Tretter Decl. ¶ 5, Ex. B).  Plaintiff's attorney explains that the new entity is unrelated to this case and was created for distinct tax purposes.  (Aff. of TJ Morrow in Supp. of Pl.'s Opp. to Def.'s Mot. to Dismiss ¶ 14 [Dkt. No. 15]).

Noting that the Current Action was brought in the name of "Dorchester Financial Securities, Inc.," not "Dorchester Financial Holdings Corp.," (*see* Compl. [Dkt. 1]), Defendant argues that this suit was brought by the wrong entity and must therefore be dismissed.[3]  (*See* Reply Decl. of Lyndon M. Tretter in Further Supp. of Def.'s Mot. to Dismiss ¶ 15 [Dkt. No. 21] (stating that, if Plaintiff were the entity that brought the Prior Action, "then the name on the caption should have been Dorchester Financial Holdings Corporation")).  In response to Defendant's arguments—in fact, two days after Defendant filed its Reply Memorandum in support of its motion to dismiss—Plaintiff filed the FAC, which attempted to amend the caption to state: "Dorchester Financial Holdings Corporation formerly known as Dorchester Financial

---

consideration at this stage."  *In re Global Crossing, Ltd. Sec. Litig.*, 471 F. Supp. 2d 338, 351 n.13 (S.D.N.Y. 2006) (Lynch, J.) (declining to address an argument that certain claims were duplicative, because the argument was asserted in a footnote); *see also F.T.C. v. Tax Club, Inc.*, 13 Civ. 210, 2014 WL 199514, at *6 n.1 (S.D.N.Y. Jan. 17, 2014) (Furman, J.) ("It is well settled … that a court need not consider arguments relegated to footnotes …."); *cf. United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993) ("We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review.").

[3]   Specifically, Defendant argues that, if the Court agrees that Plaintiff is not the same entity that brought the Prior Action, then this case should be dismissed on any of three grounds: (1) lack of subject matter jurisdiction; (2) lack of standing; and (3) time barred by the applicable statute of limitations.  (*See* Def.'s Mem. of Law in Supp. of Mot. to Dismiss, at 19–23).

Securities, Inc." Plaintiff also asked the Court to change the case caption. (*See* Letter to the Court, from TJ Morrow [Dkt. No. 42]).

The Court finds that Plaintiff is the same entity that brought the Prior Action. It is apparent that Plaintiff's failure to note its intervening corporate name change in this case's caption was a simple misnomer. Plaintiff explicitly sought to vacate the Prior Action's default judgment in order to refile the case. *See* Mem. of Law in Supp. of Pet. to Vacate, at 6–7, 02 Civ. 7504 (S.D.N.Y. Dec. 2, 2010) [Dkt. No. 72] (asking that action be dismissed without prejudice "to allow Dorchester unfettered right to recommence this action"); *see also* Order, 02 Civ. 7504 (S.D.N.Y. February 23, 2011) [Dkt. No. 73] (dismissing action "without prejudice to re-commence"). It is entirely plausible that Plaintiff, an inactive corporation, overlooked its prior name change and recommenced this case using the same caption that was previously used. And Defendant does not identify any reason that the Current Action would have been intentionally initiated in the name of a then-nonexistent corporation. The complaints of the Prior Action and Current Action, moreover, are substantially similar and leave no doubt that the two cases were brought by the same entity. The Current Action's first complaint, in fact, specifically states that, "[o]n September 17, 2002, Dorchester commenced an action against BRJ, in the Southern District of New York," and "Dorchester commences this action for the same claim against BRJ." (Compl. ¶ 6) [Dkt. No. 1].

The Court will not dismiss Plaintiff's claims simply because the case caption contains a misnomer. *Cf. Foman v. Davis*, 371 U.S. 178, 181 (1962) (stating that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided" on the basis of "mere technicalities"). Similarly, the Court sees no reason not to permit Plaintiff to fix its error and amend the caption, pursuant to Federal Rule of Civil Procedure 15. *See V2*

*Entm't Ltd. v. Design Enterprises Ltd.*, 98 Civ. 560, 1998 WL 273104, at *1–2 (S.D.N.Y. May 28, 1998) (Schwartz, J.) (granting plaintiff's request to amend its complaint to identify plaintiff by its correct corporate name—"V2 Entertainment Ltd."—rather than the name used to initiate the action—"V2 Entertainment, Inc."); *cf. Datskow v. Teledyne, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1302 (2d Cir. 1990) (permitting amendment to caption in order to name proper defendant where plaintiff's mistake was "one of mislabeling").  Defendant has not identified any way in which it would be prejudiced by Plaintiff's request to amend the caption.[4]

### B. Plaintiff's Claims Are Timely

Defendant unpersuasively argues that Plaintiff's claims do not fit the requirements of New York C.P.L.R. 205 and must therefore be dismissed as time barred.  C.P.L.R. 205(a) "tolls the running of a statutory period to permit refiling within six months when an action has been timely commenced but dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or the entry of a final judgment on the merits," *Goldstein v. New York State Urban Dev. Corp.*, 921 N.E.2d 164, 168 (N.Y. 2009), provided that the new action is based "upon the same transaction or occurrence or series of transactions or occurrences."  N.Y. C.P.L.R. 205.  Defendant asserts that C.P.L.R. 205 is inapplicable because (i) the Prior Action was never "commenced" and (ii) the FAC's claims do not arise from the same transaction or occurrence as the Prior Action's claims.

#### 1. The Prior Action Was "Commenced"

Defendant contends that the Prior Action was never "commenced" because, it claims, Plaintiff's failure to use letters rogatory means that service was never properly effected in that suit.  Contrary to Defendant's assertion, however, proper service was not required to

---

[4] The Court initially rejected Plaintiff's request to amend the caption, because it was prematurely sought before Defendant's remaining motion to dismiss arguments had been addressed.  [Dkt. No. 42].  The Court now reverses that decision.

"commence" the Prior Action within the meaning of C.P.L.R. 205(a). *See Cannellas ex rel. Estate of DiGiacomo v. Lentz*, 396 F. Supp. 2d 435, 438 (S.D.N.Y. 2005) (Cedarbaum, J.) (rejecting an identical argument that "plaintiff's prior action was never 'commenced' because defendant was never served in that action"). "In diversity cases, 'state statutes of limitations govern the timeliness of state law claims', and state law 'determines the related questions of what events serve to commence an action and to toll the statute of limitations'." *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990) (quoting *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989)). As noted by Judge Cedarbaum in *Cannellas*: "Prior to 1992, New York state law provided that an action was commenced by the service of a summons. In 1992, however, New York converted to a commencement-by-filing system." 396 F. Supp. 2d at 438 (citing 1992 N.Y. Sess. Laws Ch. 216 (McKinney)). Hence, under New York law, "[a]n action is commenced by filing a summons and complaint or summons with notice." N.Y. C.P.L.R. 304.[5]

The Prior Action was thus commenced, under C.P.L.R. 304, by Plaintiff's filing of its complaint in September 2002. Pursuant to C.P.L.R. 203, such filing was sufficient to interpose the claims asserted against Defendant and to toll the statute of limitations on those claims. *See* N.Y. C.P.L.R. 203(a), (c) (providing that, for the purpose of computing periods of limitation,

---

[5]   Defendant cites two New York state cases in support of its argument that proper service is required to "commence" an action under CPLR 205(a). (*See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss the FAC, at 5–6 [Dkt. No. 28] (citing *Meneely v. Hitachi Seiki USA*, 571 N.Y.S.2d 809 (App. Div. 1991), and *Bishop v. Uno Pizza*, 725 N.Y.S.2d 840 (Sup. Ct. 2001))). *Meneely* and *Bishop*, however, both rely on *Markoff v. South Nassau Community Hospital*, which cited the commencement-by-service version of the C.P.L.R. when it stated that "[a]n action is 'commenced' … when there has been service of a summons." 461 N.E.2d 1253, 1255 (N.Y. 1984). Because the C.P.L.R. now provides for commencement by filing, *Meneely* and *Bishop* are inapposite. *See Maldonado v. Maryland Rail Commuter Serv. Admin.*, 695 N.E.2d 700, 702 (N.Y. 1998) (noting that, subsequent to *Markoff*, "the Legislature … amended the CPLR to institute a commencement-by-filing system"); *State v. Mappa*, 880 N.Y.S.2d 853, 857 (Sup. Ct. 2009) (explaining that "[t]he CPLR has been changed substantially since the Court of Appeals decision in *Markoff*" because "[a]ctions are now commenced by filing"). In *Cannellas*, in fact, Judge Cedarbaum similarly rejected a citation to *Bishop*. *See* 396 F. Supp. 2d at 438 ("Many of the cases cited by defendant are inapposite because they were decided under the prior commencement-by-service system."); Mem. of Law, at 2–3, 04 Civ. 5308 (S.D.N.Y. May 26, 2005) [Dkt. No. 6] (basing argument on *Bishop*).

"[t]he time within which an action must be commenced … shall be computed from the time the cause of action accrued to the time the claim is interposed," and that "[i]n an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendant … when the action is commenced").[6]

### 2. The FAC's Claims Are Based on the Same Transaction or Occurrence as the Prior Action's Claims

The Court also rejects Defendant's assertion that the FAC is based on a different transaction or occurrence from that complained of in the Prior Action. The Prior Action Complaint sought damages for Defendant's purported breach of the letter of credit. *See* Prior Action Compl. ¶¶ 26–32, 02 Civ. 7504 [Dkt. No. 1]. The FAC retains these claims, (*see* FAC ¶¶ 17–18, 23–26), but also adds that Plaintiff was damaged by Defendant's alleged breach of its initial agreement with Plaintiff, in which Defendant ostensibly promised to issue a $100 million letter of credit, (*see* FAC ¶¶ 13–16, 19–21). Because the Prior Action Complaint did not mention the initial agreement, Defendant argues that the FAC's claims are therefore not based on the same transaction or occurrence as the Prior Action Complaint's claims.

---

[6] One could argue that C.P.L.R. 205(a) invites a court to assess whether service in a prior action was proper, because it disallows tolling where the earlier action was "terminated … by … a failure to obtain personal jurisdiction over the defendant." Some courts have broadly stated that "it is plain that the six month extension applies only if the original court had personal jurisdiction over the same defendant as in the second case." *Rayo v. State of N.Y.*, 882 F. Supp. 37, 39 (N.D.N.Y. 1995); *see also Rivera v. Pataki*, 04 Civ. 1286, 2005 WL 407710, at *16 (S.D.N.Y. Feb. 7, 2005) (Mukasey, J.) (citing *Rayo*); *Cazsador by Cazsador v. Greene Cent. Sch.*, 663 N.Y.S.2d 310, 311 (App. Div. 1997) (same). *Rayo*, in fact, appeared to place on the plaintiff seeking to utilize C.P.L.R. 205(a) the burden of demonstrating that "the original dismissing court had jurisdiction over the defendant whom the plaintiff now seeks to reassert his claim in the second action." *Rayo*, 882 F. Supp. at 39.

The Court declines to analyze whether service was proper in the Prior Action. First, Defendant has neither made this argument nor cited these cases. Second, in *Rayo*, *Rivera*, and *Cazsador*, a plaintiff was attempting to use C.P.L.R. 205(a) to toll the statute of limitations against a defendant that was never even named in the first action. This Court, by contrast, affirmatively stated in the Prior Action that Plaintiff had "validly served [Defendant] under United States law," and that dismissal was "without prejudice to re-commence the action pursuant to [C.P.L.R. 205]." Order, 02 Civ. 7504 (S.D.N.Y. Feb. 23, 2011). Third, evaluating the propriety of service in a prior action that was not "terminated" for lack of personal jurisdiction would be an extension of C.P.L.R. 205(a)'s plain language. *Cf. Gaines v. City of New York*, 109 N.E. 594 (1915) (Cardozo, J.) (cautioning that the "broad and liberal purpose" of New York's tolling statute "is not to be frittered away by any narrow construction").

The parties' initial agreement, by which Defendant allegedly promised to provide the letter of credit, is sufficiently factually related to the letter of credit itself to be deemed "the same transaction or occurrence" under C.P.L.R. 205(a). Both the agreement and the letter of credit arose out of the same alleged business deal. *Cf. Harris v. U.S. Liab. Ins. Co.*, 746 F.2d 152, 154–55 (2d Cir. 1984) (holding that an insured's action for recovery under an insurance policy was based upon the same transaction or occurrence, under C.P.L.R. 205(a), as her prior action seeking a declaratory judgment that she had cooperated with her insurer during its investigation, where "both suits arose out of the same occurrences associated with the loss of her diamond and platinum ring"). Moreover, the FAC's discussion of the initial agreement is intertwined with its allegation that the letter of credit was not honored. (*See, e.g.*, FAC, Prelim. Stmt., ¶¶ 10–11, 19–21 (suggesting that Defendant's purported failure to follow the agreement evidenced an intent not to honor the letter of credit)). And although Defendant argues that a letter of credit and an agreement to enter into a letter of credit create distinct legal obligations, C.P.L.R. 205(a)'s transaction or occurrence requirement does not preclude a second suit "simply because [it] assert[s] a different cause of action than the first." *Harris*, 746 F.2d at 154.

## III. CONCLUSION

For the foregoing reasons, Defendant's additional and previously unaddressed arguments for dismissal are DENIED. The caption of this case will be amended to accurately reflect Plaintiff's corporate name. The amended caption shall be *Dorchester Financial Holdings Corporation, f/k/a Dorchester Financial Securities, Inc., v. Banco BRJ, S.A.*

The Court will hold an evidentiary hearing on Defendant's motion to dismiss for lack of personal jurisdiction. The Second Circuit, upon holding that Plaintiff had "made a sufficient showing to survive [Defendant's] motion in the absence of an evidentiary hearing or trial,"

explained that, "[o]n remand" this Court "may conduct an evidentiary hearing on the merits of the motion, in which case it would be [Plaintiff's] burden to establish jurisdiction by a preponderance of the evidence." *Dorchester*, 722 F.3d at 85–87. Given the "overwhelming amount" of evidence submitted by Defendant to ostensibly refute Plaintiff's *prima facie* jurisdictional showing, *Dorchester*, 2012 WL 231567, at *5, the Court finds it appropriate to hold jurisdictional discovery and an evidentiary hearing on personal jurisdiction.

The Court hereby schedules the evidentiary hearing for March 26, 2014, at 2 p.m. The parties may engage in discovery limited to the issue of personal jurisdiction, concluding no later than March 10, 2014. By March 14, 2014, the parties shall each submit affidavits containing any direct testimony for the hearing. Witnesses for whom an affidavit has been filed must appear at the hearing for cross examination. Defendant shall submit a pre-hearing brief by March 18, 2014. Plaintiff's response is due March 21, 2014.

SO ORDERED.

DATED:   New York, New York
         February 21, 2014

_____/s/_____
KIMBA M. WOOD
United States District Judge