```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DORCHESTER FINANCIAL HOLDINGS            :
CORPORATION f/k/a DORCHESTER
FINANCIAL SECURITIES, INC.,              :

                        Plaintiff,       :

        -against-                        :   REPORT AND RECOMMENDATION

BANCO BRJ, S.A.,                         :      11-CV-1529 (KMW)(KNF)

                        Defendant.       :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE KIMBA M. WOOD, UNITED STATES DISTRICT JUDGE

Before the Court is the plaintiff's motion for "an order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure vacating an opinion and judgment, dated November 25, 2003 dismissing action 02 cv 7504 against S.W.I.F.T. [Society for Worldwide Interbank Financial Telecommunication ("SWIFT")] because S.W.I.F.T. is assisting Banco [BRJ, S.A. ("BRJ")] to commit fraud against the Court and said reason justifies the extraordinary relief requested; and allowing Dorchester leave pursuant to CPLR § 205(a) to re-file its action against SWIFT as a reasonable basis for a cause of action does exist." The plaintiff seeks, "in the alternative to compel SWIFT to comply with Dorchester's subpoena, dated 4-14-2014, which was served upon them [sic]." SWIFT, which is not a party to this action, opposes the motion.

*Plaintiff's Contentions*

In September 2002, the plaintiff commenced an action against SWIFT and BRJ. SWIFT made a motion to dismiss, which was granted. A default judgment was entered against BRJ, but that judgment was vacated, subsequently. On March 7, 2011, the plaintiff commenced this

action. BRJ filed a motion to dismiss. In support of that motion, BRJ filed three declarations, two by Luiz Augusto de Queiroz, dated August 5, 2011, and August 25, 2011, and one by Luiz Claudio de Queiroz, dated August 25, 2011. According to the plaintiff, "Banco committed fraud on the Court because" all three declarations contained "lies and misrepresentations," and

> [w]e know that . . . because on October 13, 2003 Jonathan I. Blackmon, SWIFT's attorney wrote a letter to the Court admitting that (a) Banco sent the SWIFT message at issue (b) the SWIFT message contained the text of the letter of credit numbered "BBRRJLC449977810" which is referenced in the SWIFT message (c) SWIFT sent the message on Banco's behalf to Chase Manhattan Bank and (d) that SWIFT simply acted as Banco's messenger.

The plaintiff contends that

> extraordinary circumstances exist because Banco is a member of the SWIFT Cooperative and SWIFT is assisting Banco to continue to defraud the Court by intentionally withholding evidence that will show that Banco did indeed commit fraud on the Court resulting in the Court's January 24, 2012 Opinion and Judgment and continues to assist them [sic] by failing to answer in any way whatsoever Dorchester's subpoena which was served upon them [sic] on April 21, 2014.

According to the plaintiff, this "is a cover-up of major proportions seeking to defile the Court, in particular, and corrupt the system, in general. It was instigated by Banco and now supported by SWIFT to delay more and definitive proof of how much Banco lied and misrepresented itself in particular and how they [sic] conduct business to [sic] the Court, in general." Thus, the plaintiff's motion should be granted because "SWIFT is supporting Banco's continued fraud on the court."

Alternatively, SWIFT should be compelled to comply with the subpoena the plaintiff served on it. The plaintiff asserts:

> SWIFT provides no reason to Dorchester why they [sic] are refusing to provide any evidence, other than standard boilerplate responses. The documents requested are not overbroad nor confidential. The parameters are clear. SWIFT knows what Dorchester seeks. If SWIFT truly wanted to look at the lowest common denominator it would be those documents that Mr. Blackmon reviewed that enabled him to draft

2

and sign his cogent October 13, 2003 letter. He wrote and signed that letter based upon review [sic] certain documents. Clearly, at a minimum, he has those documents in his file.

### *SWIFT's Contentions*

SWIFT contends that the plaintiff's motion is untimely. According to SWIFT, although the plaintiff purports to seek relief pursuant to Rule 60(b)(6), it is Rule 60(b)(3) that allows for vacatur of a judgment on the basis of fraud. Since the plaintiff's motion is premised on "fraud on the Court," the plaintiff cannot avoid the one-year limitations period governing motions pursuant to Rule 60(b)(3). SWIFT contends that, even if the more permissible "within a reasonable time" standard for motions under Rule 60(b)(6) is applied, the plaintiff did not make its motion "during the eight years before it filed the 2011 Action," and it "waited three more years since filing the 2011 Action." The plaintiff did not provide any "cogent explanation for this delay," given that the contested authenticity of the purported letter of credit and the SWIFT message "was apparent at the absolute latest in July 2011." Moreover, the plaintiff's motion is untimely because it is outside the Court's April 30, 2014 deadline to join additional parties, and any claim the plaintiff could bring against SWIFT has long been time-barred.

SWIFT maintains that the plaintiff did not identify any exceptional circumstances justifying the relief it seeks. SWIFT asserts it responded fully to the subpoena served by the plaintiff. Furthermore, it is plain on the face of the October 13, 2003 letter SWIFT's counsel addressed to the court in the previous action that it did not "admit" anything, but questioned the authenticity of the alleged letter of credit at issue. Since SWIFT's motion to dismiss in the previous action was determined based on the allegations in the complaint, the October 13, 2013 letter had no bearing on the truth of the plaintiff's claims, which the court recognized when it stated that "SWIFT's statement is not evidence that the message was sent by BRJ."

3

SWIFT asserts that the plaintiff's assertions of "fraud on the Court" are meritless. According to SWIFT, the plaintiff is disappointed that SWIFT is unable, at this late date, to produce documents with respect to the authenticity of the message because they were discarded, in the ordinary course of business, years ago. Even if the plaintiff had a legitimate basis to challenge SWIFT's subpoena response, it failed to explain why vacating the judgment in the previous action would be a proper remedy for a discovery dispute in this action. The plaintiff's alternative request to compel discovery from SWIFT should be denied because: (a) the plaintiff failed to meet and confer with SWIFT regarding the subpoena; (b) the subpoena seeks answers to "interrogatories improperly posed to SWIFT, which is not party to this litigation"; (c) SWIFT objected properly to the subpoena, and the plaintiff failed to demonstrate that the information sought is relevant and material.

*Plaintiff's Reply*

The plaintiff asserts that the complaint in the prior action "is evidence," and SWIFT's attorney "Adopted Dorchester's evidence as SWIFT's evidence from its entire complaint by choosing to bring a R. 12(b)(6) motion and submit *no additional evidence*." The plaintiff contends the instant motion is timely because Rule 60(b)(3)'s time limitation does not apply to its motion, made under Rule 60(b)(6). With respect to the alternative relief sought, the plaintiff contends that "SWIFT is attempting to make the issuance of a subpoena on a non-party similar to a discovery notice to a party under R. 37. The two are inapposite and SWIFT's argument is without merit." Furthermore, the plaintiff's counsel called SWIFT's counsel "several times prior to issuing a subpoena and did not ever receive a return telephone call."

4

*Legal Standard*

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In a motion under Rule 60(b)(3), based on fraud on the part of an adverse party, a movant "cannot circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b)." Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 702 (2d Cir. 1972).

"This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). Courts have "inherent power . . . to investigate whether a judgment was obtained by fraud" on the court, and no time limit applies to vacatur of the judgment on that ground. Universal Oil Prods. Co. v. Root Ref. Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 1179 (1946). "'[F]raud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988). "[F]raud upon the court is limited to that species of fraud which does or attempts to defile the court itself, or is a fraud

5

perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Serzysko, 461 F.2d at 702 (citation omitted). "[A] motion under [Rule 60(b)] is addressed to the sound discretion of the trial court." Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir. 1972).

### *Application of Legal Standard*

The plaintiff's motion is procedurally deficient because the plaintiff's exhibits A through K are attached to its memorandum of law, improperly, without any affidavit accompanying them. Moreover, the plaintiff failed to provide any authority permitting the instant motion to vacate judgment, dismissing the claims against SWIFT in the previous action No. 02-CV-7504, to be filed in this action, which is against BRJ. Assuming, without deciding, that such a filing is proper, and notwithstanding the procedural deficiency mentioned above, the Court will consider the merits of the plaintiff's motion.

To the extent that the plaintiff's motion is based on the allegations of fraud on the plaintiff by SWIFT, the opposing party in the previous action, pursuant to Fed. R. Civ. P. 60(b)(3), it must be denied, as untimely, since it was made more than a year after the November 25, 2003 judgment sought to be vacated. See Fed. R. Civ. P. 60(c)(1).
Although the plaintiff contends that its motion is made under Rule 60(b)(6), as it seeks vacatur based on extraordinary circumstances, the plaintiff contends that the extraordinary circumstances consist of SWIFT aiding BRJ in the "commission of fraud upon [the court.]." To the extent that the plaintiff's motion is made based on "any other reason that justifies relief," pursuant to Fed. R. Civ. P. 60(b)(6), it must be denied because it was not made within a reasonable time, see Fed. R. Civ. P. 60(c)(1), since it was made: (a) more than 10 years after the judgment sought to be vacated was entered; (b) more than 10 years after the October 13, 2003 letter by SWIFT's

attorney – purporting to be evidence of SWIFT's fraud on the court – was sent to the court in the previous action; and (c) almost three years after the three declarations were filed in this action, which the plaintiff asserts contain "lies and misrepresentations" that are exposed as such by the October 13, 2003 letter SWIFT's attorney sent to the court in the previous action. The plaintiff did not explain what prevented it from making a motion to vacate judgment on the ground of fraud on the court prior to June 18, 2014, when the instant motion was made. However, the plaintiff's contention that the judgment should be set aside on the ground of fraud on the court is not time-barred, and the Court will analyze it under Rule 60(d)(3) of the Federal Rules of Civil Procedure, designed to address that ground specifically, rather than generally under Rule 60(b)(6).

Fraud on the Court

The plaintiff relies on the October 13, 2003 letter by SWIFT's attorney to the court in the previous action, that has never been filed and is dehors the record, as evidence that SWIFT perpetrated a fraud upon the court because, according to the plaintiff, it admitted in that letter "that (a) Banco sent the SWIFT message at issue (b) the SWIFT message contained the text of the letter of credit numbered 'BBRRJLC449977810' which is referenced in the SWIFT message (c) SWIFT sent the message on Banco's behalf to Chase Manhattan Bank and (d) that SWIFT simply acted as Banco's messenger." The plaintiff's contention is meritless. The October 13, 2003 letter SWIFT's attorney addressed to the court in the previous action does not contain, as the plaintiff contends, any admission, including that: (i) "the SWIFT message contained the text of the letter of credit numbered 'BBRRJLC449977810' which is referenced in the SWIFT message"; or (ii) "SWIFT sent the message on Banco's behalf to Chase Manhattan Bank." Moreover, the October 13, 2003 letter by SWIFT's attorney has no evidentiary value because it

7

was not based on personal knowledge. See Fed. R. Evid. 602. Upon review of the record, the Court finds that: (a) SWIFT and its attorneys; and (b) BRJ and its attorneys did not commit any fraud on the court. Thus, granting the plaintiff's motion on the ground of fraud on the court is not warranted.

The plaintiff's relentless accusations that the defendant and its attorney are "liars" and that "SWIFT is assisting Banco to cover up its lies and misrepresentations," without any evidence supporting same, are frivolous, inappropriate, disruptive and offensive, not only to the parties involved, but to the decorum of the Court as well. The plaintiff is cautioned to refrain from such baseless and inappropriate conduct in the future, as such conduct may expose it to sanctions.

<u>Alternative Remedy</u>

In the alternative, the plaintiff seeks an order compelling SWIFT to answer the plaintiff's subpoena, because SWIFT "will not provide any evidence pursuant to subpoena whatsoever." A court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The plaintiff's motion is not based on Rule 45(g). Rather, the plaintiff seeks to compel SWIFT to produce documents.

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The plaintiff's motion does not include a certification that the plaintiff, in good faith, conferred or attempted to confer with SWIFT in an effort to obtain disclosure or discovery without court

action. Thus, denying the plaintiff's request for alternative relief is warranted on that procedural ground.

Moreover, denying the plaintiff's request for alternative relief is also warranted based on the merits. The ten questions contained in the plaintiff's subpoena to SWIFT are interrogatories, pursuant to Fed. R. Civ. P. 33, which can only be posed to the parties in the action. As SWIFT is not a party to this action, it cannot be compelled to answer the interrogatories. SWIFT objected properly to the plaintiff's requests for production based on the ground that they are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including that any relevant, non-privileged documents pertaining to claims and defenses in this action have been deleted or have become unavailable between the dismissal of the plaintiff's action against SWIFT in 2003 and the present. To the extent that the plaintiff challenges SWIFT's objections, the plaintiff failed to explain how the information it seeks is not overly broad, unduly burdensome or that it is relevant and material to the claims or defenses in this action. Accordingly, SWIFT's objections are sustained, and no basis exists to compel SWIFT to answer the subpoena.

## REPORT AND RECOMMENDATION

For the foregoing reasons, I recommend that the plaintiff's motion, Docket Entry No. 105, be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

Kimba M. Wood, 500 Pearl Street, Room 1910, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Wood. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
      July 28, 2014

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE