UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DORCHESTER FINANCIAL SECURITIES, INC.,

                      Plaintiff,                    11-CV-1529 (KMW)
                                                                   **OPINION AND ORDER**

       -against-

BANCO BRJ S.A.,

                      Defendant.
----------------------------------------------------------------X

KIMBA M. WOOD, District Judge:

On February 21, 2014, the Court denied Banco BRJ S.A.'s ("BRJ") motion to dismiss Dorchester Financial Securities, Inc.'s ("Dorchester") First Amended Complaint. *See* Feb. 21, 2014 Order [ECF No. 45]. BRJ's motion to dismiss contended, in part, that the tolling provisions of N.Y. C.P.L.R. § 205(a) do not apply to the instant action because Dorchester's previous suit against BRJ was not "timely commenced," as the statute requires. *See* Mot. to Dismiss Mem. 5–6 [ECF No. 28]. The Court disagreed, holding that BRJ's prior action was "timely commenced" under § 205(a) because it was timely filed. *See* Feb. 21, 2014 Order 7–9. BRJ now moves for reconsideration — or, alternatively, certification for interlocutory appeal — of the Court's decision that Dorchester's prior action was timely commenced. *See* Mot. for Recon. Mem. [ECF No. 50]. For the reasons that follow, BRJ's motion is DENIED.

**I.**     **Background**

On September 17, 2002, Dorchester filed a diversity action in this Court against BRJ for fraud and breach of contract under New York law. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, No. 02-CV-7504 (S.D.N.Y. 2002) (*Dorchester I*). BRJ failed to appear, and the Court granted default judgment for Dorchester. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, No.

1

11-CV-1529, 2012 WL 231567, at *3 (S.D.N.Y. Jan. 24, 2012).  Because Dorchester had not used letters rogatory to serve process on BRJ, however, it could not enforce its judgment in Brazilian court.  *See id.*  To address that issue, Dorchester moved to vacate the judgment without prejudice so that it could refile its action and serve BRJ through letters rogatory.  *See id.*

On February 24, 2011, the Court vacated the default judgment against BRJ "without prejudice to re-commence the action pursuant to New York State C.P.L.R. § 205."  *See Dorchester I*, No. 02-CV-7504, ECF No. 73.  That provision, often referred to as New York's "savings statute," tolls the statute of limitations for a state-law claim where two conditions are met.  First, the plaintiff must have "timely commenced" a prior action based "upon the same transaction or occurrence."  N.Y. C.P.L.R. § 205(a).  Second, that prior action must have been "terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits."  *Id.*  If those two conditions are met, a plaintiff may "commence" a new suit within six months of the prior action's dismissal, as long as the new suit "would have been timely commenced at the time of commencement of the prior action" and "service upon defendant is effected within such six-month period."  *Id.*

There is no dispute that Dorchester filed its current suit and served BRJ using letters rogatory within six months of the vacatur of its prior action.  Nevertheless, in its September 16, 2011 motion to dismiss the First Amended Complaint, BRJ argued that Dorchester's new suit does not qualify for tolling under § 205(a) because the prior action was not "timely commenced."  *See* Mot. to Dismiss Mem. 5–6.  According to BRJ's motion, commencement under § 205(a) requires proper service of process, which Dorchester failed to perform in its 2002 suit.  *See id.* at 4–6.  BRJ cited two cases to support its interpretation of "timely commenced" as requiring

2

proper service of process: *Meneely v. Hitachi Seiki USA*, 571 N.Y.S.2d 809 (2d Dep't 1991), and *Bishop v. Uno Pizza*, 725 N.Y.S.2d 840 (Sup. Ct. 2001). See Mot. to Dismiss Mem. 5-6.

In its February 14, 2014 Order, the Court rejected BRJ's argument that timely commencement under § 205(a) requires proper service. The Court acknowledged that before 1992, New York law defined commencement of a civil action as "the service of a summons." *Id.* at 8. In 1992, however, amendments to the C.P.L.R. redefined commencement as "filing a summons and complaint or summons with notice." *Id.* (quoting N.Y. C.P.L.R. § 304(a)). Applying that revised statutory framework, the Court concluded that Dorchester's prior action was timely commenced "by Plaintiff's filing of its complaint in September 2002," regardless of whether subsequent service was proper.[1] *Id.* The two cases that BRJ cited in its motion to dismiss — *Meneely* and *Bishop* — did not alter that analysis, the Court explained, because both draw their definitions of commencement from pre-1992 case law (and one of the cases, *Meneely*, was decided before 1992). See Feb. 21, 2014 Order at 8 n.5. BRJ had thus failed to offer support for the proposition that § 205(a) still requires proper service after the 1992 amendments.

## II.     BRJ's Motion for Reconsideration or Certification for Interlocutory Appeal

On March 7, 2014, BRJ moved for reconsideration — or, alternatively, certification for interlocutory appeal — of the Court's decision that Dorchester's prior action was "timely commenced" under § 205(a). BRJ contends that the Court committed "clear error" when it failed to recognize that under *Meneely* and *Bishop*, "to be entitled to the benefit of tolling" under § 205(a), "plaintiff must demonstrate that it had obtained 'personal jurisdiction' over the

---

[1] Although Dorchester brought its prior action in federal court, New York's definition of commencement applies to that action because Dorchester asserted state-law claims. See *Cannellas ex rel. Estate of DiGiacomo v. Lentz*, 396 F. Supp. 2d 435, 438 (S.D.N.Y. 2005) (Cedarbaum, J.) ("'In diversity cases, state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations.'" (quoting *Diffley v. Allied–Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990))).

3

defendant" in the prior action.  Mot. for Recon. Mem. 3.  According to BRJ, because Dorchester failed to properly serve process in its prior action, the Court never acquired personal jurisdiction over BRJ, rendering § 205(a) inapplicable.  *Id.* at 6–7.

### III. Legal Standard

#### A. Motion for Reconsideration

A motion for reconsideration should be granted only where "the moving party can point to controlling decisions or data that the court overlooked," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), or where necessary to "correct a clear error or prevent manifest injustice," *Banco de Seguros del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (Scheindlin, J.).  This standard "must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Jordan (Bermuda) Inv. Co. v. Hunter Green Investments Ltd.*, No. 00-CV-9214, 2003 WL 21263544, at *2 (S.D.N.Y. June 2, 2003) (Sweet, J.).  Moreover, "[a] motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (Scheindlin, J.) (internal quotation marks omitted).

#### B. Interlocutory Appeal

To certify interlocutory appeal of an order under 28 U.S.C. § 1292(b), the Court must "'be of the opinion' (i) that the 'order involves a controlling question of law as to which there is a substantial ground for difference of opinion,' and (ii) 'that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 987 F. Supp. 2d 309, 311 (S.D.N.Y. 2013) (Rakoff, J.) (quoting 28 U.S.C. § 1292(b)).  "A substantial ground for difference of opinion exists when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first

impression for the Second Circuit." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 539–40 (S.D.N.Y. 2014) (Sweet, J.) (internal quotation marks omitted). "The Second Circuit cautions that in applying these criteria, 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of judgment.'" *Bernard L. Madoff Inv. Sec. LLC*, 987 F. Supp. 2d at 311 (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro In Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990)).

**IV.** **Discussion**

    A. <u>BRJ's Motion for Reconsideration is Denied</u>

In its motion to dismiss, BRJ argued that § 205(a) does not apply to Dorchester's current suit because the words "timely commenced" in the statute require proper service of a prior action, which Dorchester failed to perform. *See* Mot. to Dismiss Mem. 5 (using the heading "CPLR § 205 Does Not Save This Action Because The Prior Action Was Not 'Timely Commenced'"). BRJ cited *Meneely* and *Bishop* exclusively for that proposition. *See id.* at 5–6. In defining "timely commenced," BRJ did not mention the term "personal jurisdiction" except to distinguish the dismissal of a prior action "for insufficient service of process and/or a failure to obtain personal jurisdiction" as "separate" from, and "irrelevant" to, its argument based on § 205(a)'s "'timely commencement' requirement." Mot. to Recon. Mem. 6.

BRJ's motion for reconsideration does not renew its argument that the term "timely commenced" requires proper service. Instead, BRJ now contends that "to be entitled to the benefit of tolling" under § 205(a) as a whole, "plaintiff must demonstrate that it had obtained 'personal jurisdiction' over the defendant." Mot. for Recon. Mem. 3. That contention, as BRJ acknowledges, is not grounded in the meaning of the term "timely commenced." The motion for reconsideration explicitly distinguishes the necessity of personal jurisdiction in a prior action

5

from the "issue of 'commencement' by service or filing."[2] *Id.* at 4. Rather, BRJ describes its personal jurisdiction argument as "precisely [what the] Court suggested in footnote 6 of its [February 21, 2014] Order: that CPLR 205(a) 'invites the court to assess whether service in a prior action was proper.'" *Id.* at 3 (quoting Feb. 21, 2014 Order 9 n.6). The Court's analysis in footnote 6 had nothing to do with the meaning of "timely commenced." It related instead to § 205(a)'s separate language denying tolling where a prior action was "'terminated . . . by . . . a failure to obtain personal jurisdiction over the defendant.'" Feb. 21, 2014 Order 9 n.6 (quoting N.Y. C.P.L.R. § 205(a)). The footnote mentioned a potential personal jurisdiction argument based on that language, but declined to pursue it further because BRJ's motion to dismiss had not raised the issue. *See id.*

BRJ emphasizes that the decisions it originally cited regarding the meaning of "timely commenced" — *Meneely* and *Bishop* — also support its current claim about the necessity of personal jurisdiction under § 205(a) as a whole. *See* Mot. for Recon. Mem. at 2–4. That may be true. But it is the novelty of the argument, not the underlying case law, that is at issue. BRJ's current reliance on *Meneely* and *Bishop* demonstrates only that it could have advanced its personal jurisdiction claim previously — not that it actually did. Having missed its opportunity at the motion to dismiss stage, BRJ is foreclosed from raising its personal jurisdiction argument now, regardless of its merits. *See Liberty Media Corp.*, 861 F. Supp. 2d at 265.

---

[2] BRJ is not alone in making this distinction. After the 1992 amendments to the C.P.L.R., courts in the Second Circuit and New York have treated the argument that § 205(a) does not apply because a prior action was not "timely commenced" as distinct from the argument that the statute does not apply because the plaintiff in a prior action failed to establish personal jurisdiction through proper service. *See Rivera v. Pataki*, No. 04-CV-1286, 2005 WL 407710, at * 15–17 (S.D.N.Y. Feb. 7, 2005) (Mukasey, J.) (concluding that a plaintiff's prior action was "timely commenced" before deciding, as a separate issue, whether § 205(a) was inapplicable because improper service in that prior action deprived the court of personal jurisdiction); *Richey v. Hamm*, 910 N.Y.S.2d 791, 793–94 (4th Dep't 2010) (holding that "the first action was timely commenced" even though "plaintiff failed to obtain personal jurisdiction over defendant in the first action" because of improper service).

B.  BRJ's Motion for Certification for Interlocutory Appeal is Denied

The Court also declines to certify its February 21, 2014 Order for interlocutory appeal, because there is no "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), regarding its conclusion that "timely commenced" under § 205(a) means timely filed.

In 1984, eight years before the 1992 amendments to the C.P.L.R., the New York Court of Appeals held in *Markoff v. South Nassau Community Hospital* that to "commence" an action "within the meaning of any statute governing limitation," including § 205(a), a plaintiff had to serve process.  61 N.Y.2d 283, 288 (N.Y. 1984).  In 1992, however, C.P.L.R. § 304(a) was amended to provide that "[a]n action is commenced by filing a summons and complaint or summons with notice."  N.Y. C.P.L.R. §304(a).

The Court of Appeals has never explicitly addressed whether the 1992 amendments superseded *Markoff*'s definition of commencement under § 205(a).  *Cf. Maldonado v. Md. Rail Commuter Serv. Admin.*, 91 N.Y.2d 467, 471 (1998) (acknowledging that the 1992 amendments might "engender additional procedural wrinkles" regarding *Markoff*'s definition of commencement under § 205(a), but declining to decide the issue).  Nevertheless, the Court of Appeals's decision in *Spodek v. New York State Commissioner of Taxation & Finance*, 85 N.Y.2d 760 (1995), is instructive here.  That decision explains that "[a]s a result" of the 1992 amendments, for claims governed by § 304(a), "service of process on the defendant no longer marks interposition of a claim for Statute of Limitations purposes."  *Id.* at 763.  Instead, filing "constitutes the crucial date for determining whether the Statute of Limitations is satisfied."[3]  *Id.*

---

[3] *Spodek* deals specifically with the filing requirements for a special proceeding under § 304(a), *see* 85 N.Y.2d at 763, which are distinct from the filing requirements for a civil action against a private party, *see* N.Y. C.P.L.R. § 304(a).  The decision makes clear, however, that the 1992 amendments created a "commencement-by-filing system" for all "actions and proceedings" to which § 304(a) applies, rendering service of process irrelevant to the "interposition" of any such claim "for Statute of Limitations purposes."  85 N.Y.2d at 763 (internal quotation marks omitted).

In light of that legislative shift, *Spodek* held that a special proceeding was "timely commenced" for the purposes of a tolling statute — N.Y. Tax Law § 2016 — by filing alone. *Id.* at 766. To interpret "timely commenced" differently under § 205(a) — another tolling statute — would be inconsistent with *Spodek*'s analysis and application of the amended C.P.L.R.[4]

In response to the 1992 amendments, and in keeping with *Spodek*, New York's appellate courts have defined "timely commenced" under § 205(a) as timely filed. *See, e.g.*, *S. Wine & Spirits of Am., Inc. v. Impact Envtl. Eng'g, PLLC*, 962 N.Y.S.2d 118, 119 (1st Dep't 2013) (concluding that the plaintiff's prior action had been "timely commenced" under § 205(a) because "plaintiffs filed the original complaint" within the statute of limitations period); *see also Hertz v. Schiller*, 657 N.Y.S.2d 652, 654 (1st Dep't 1997) (concluding, in light of the 1992 amendments, that the plaintiff's prior action had not been "timely commenced" under § 205(a) because the "filing of a summons and complaint" was late); *Campbell v. Command Sec., Inc.*, 628 N.Y.S.2d 775, 776–77 (2d Dep't 1995) (holding, in light of the 1992 amendments, that the plaintiff's prior action had not been "timely commenced" under § 205(a) because the "plaintiff did not file a summons and complaint" in time). Notably, the Appellate Division has deemed a prior action "timely commenced" by filing even where it found service of process for that action improper. *See Richey*, 910 N.Y.S.2d at 793–94.

Courts in the Second Circuit adopted the same interpretation of § 205(a) after the 1992 amendments. *See, e.g.*, *Hakala v. Deutsche Bank AG*, 343 F.3d 111, 115 (2d Cir. 2003) (concluding that § 205(a) applied to the plaintiff's diversity action where plaintiff's prior suit "was timely filed in the federal court"); *Murphy v. Flagstar Bank, FSB*, No. 10-CV-0645, 2011

---

[4] Moreover, *Spodek* ultimately concludes that the special proceeding at issue, although "timely commenced" by filing, "should nevertheless be dismissed based on petitioner's failure to properly effect service and acquire personal jurisdiction over respondents." *Id.* at 766. That holding further demonstrates that improper service does not implicate timely commencement under New York law.

WL 4566139, at *3 (N.D.N.Y. Sept. 29, 2011) ("N.Y. C.P.L.R. § 205(a) permits a party to re-file a claim in state court that was timely filed in federal court."); *Cannellas ex rel. Estate of DiGiacomo v. Lentz*, 396 F. Supp. 2d 435, 438 (S.D.N.Y. 2005) (Cedarbaum, J.) (holding, in light of the 1992 amendments, that a prior diversity action is "timely commenced" if timely filed); *Rivera*, 2005 WL 407710, at *15 (holding that a prisoner's prior action was "timely commenced" under § 205(a) because it was timely filed with prison officials); *Barad v. Comstock*, No. 03-CV-0736E, 2004 WL 1573999, at *2 n.5 (W.D.N.Y. June 4, 2004) (concluding that plaintiff's prior action "was timely commenced" under § 205(a) because it was timely filed). Several of those decisions expressly reject the contention that proper service is necessary for timely commencement under § 205(a). *See Cannellas*, 396 F. Supp. 2d at 438; *Barad*, 2004 WL 1573999, at *2 n.5; *see also Rivera*, 2005 WL 407710, at *15–17 (considering whether the plaintiff's prior action was properly served only after concluding that it was timely commenced).[5]

When weighed against those New York and Second Circuit precedents, *Meneely* and *Bishop* do not create "substantial ground" for the competing interpretation of "timely commenced" under § 205(a) as requiring proper service of process. *Meneely* was decided before the 1992 amendments, and so sheds no light on the current meaning of § 205(a). And although *Bishop* was decided in 2001, it relied exclusively on pre-1992 decisions — principally *Markoff* and *Meneely* — for its interpretation of "timely commenced." *See Bishop*, 725 N.Y.S.2d at 842–43. In doing so, the Supreme Court in *Bishop* ignored — without justification — controlling

---

[5] BRJ argues that *Rivera* contradicts *Cannellas*, demonstrating that "District Judges of this Circuit have conflicted on the continued importance of proper service to invoke CPLR 205(a) despite New York's adoption of the commencement-by-filing rule in 1992 in CPLR 304." Mot. for Recon. Mem. 8. There is no such conflict between the decisions. Both *Rivera* and *Cannellas* conclude that prior actions were "timely commenced" under § 205(a) exclusively because they were timely filed. *See Rivera*, 2005 WL 407710, at *15; *Cannellas*, 396 F. Supp. 2d at 438. *Rivera* then separately considers whether §205(a) is nevertheless inapplicable because of a lack of personal jurisdiction, an issue *Cannellas* does not reach. *See Rivera*, 2005 WL 407710, at *17.

authority to the contrary, including the Court of Appeals's holding in *Spodek* and several First Department decisions. *See, e.g.*, *S. Wine & Spirits*, 962 N.Y.S.2d at 119; *Hertz*, 657 N.Y.S.2d at 654. *Bishop* is thus unpersuasive support for BRJ's interpretation of the current § 205(a).[6]

## V.   Conclusion

For the foregoing reasons, BRJ's motion for reconsideration or certification for interlocutory appeal is DENIED.

SO ORDERED.

DATED:   New York, New York
         October 22, 2014

                                                    /s/
                                            KIMBA M. WOOD
                                            United States District Judge

---

[6] The text of § 205(a) further rebukes the proposition that commencement requires proper service. Section 205(a) requires the plaintiff to "commence a new action . . . within six months" of a prior action's termination *and* to effect "service upon defendant . . . within such six-month period." N.Y. C.P.L.R. § 205(a). If commencement required the service of process, § 205's explicit mention of service as distinct from commencement would be superfluous. "Where possible, we avoid construing a statute so as to render a provision mere surplusage." *Lutwin v. Thompson*, 361 F.3d 146, 157 (2d Cir. 2004) (internal quotation marks omitted).

Section 205(a)'s mention of service is not redundant, however, if commencement requires only filing. That construction finds still more support in the fact that § 205(a)'s requirement of service within six months of the prior action's termination was added by amendment in 1992, as "part of the same legislative package changing the commencement of an action from service of summons and complaint to the filing thereof." *Pyne v. 20 E. 35 Owners Corp.*, 700 N.Y.S.2d 450, 450 (1st Dep't 1999).