UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DORCHESTER FINANCIAL HOLDINGS CORP.
f/k/a DORCHESTER FINANCIAL SECURITIES,
INC.,

                      Plaintiff,

       -against-

BANCO BRJ S.A.,

                      Defendant.
------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/14

11-CV-1529 (KMW)
**ORDER**

KIMBA M. WOOD, District Judge:

       Throughout this case, Defendant Banco BRJ S.A. ("BRJ") has maintained that it never discussed or issued a letter of credit in favor of Plaintiff Dorchester Financial Holdings Corporation ("Dorchester"). Dorchester has submitted several documents that, on their face, suggest otherwise. One of those documents is an unauthenticated message sent through the Society of Worldwide Interbank Telecommunication ("SWIFT") to Chase Manhattan Bank, ostensibly by BRJ, which confirms the issuance of a letter of credit in Dorchester's favor. (*See* SWIFT Message [ECF No. 14, Ex. 11]). BRJ claims that the SWIFT message is counterfeit, and has stated in response to Dorchester's discovery requests that it has no documents related to the message. (*See* BRJ's Mot. to Dismiss Mem. at 2 [ECF No. 11]; BRJ's Mot. in Opp. Mem. at 2 [ECF No. 87]). That statement has given rise, directly or indirectly, to several discovery disputes, which this Order resolves.

**I.   The Discovery Disputes**

    A. Motion to Compel Filed Against BRJ

       On May 28, 2014, Dorchester filed a motion to compel that accused BRJ of lying about the authenticity of the SWIFT message and withholding related evidence. (*See* Dorchester's

1

Mot. to Compel Mem. at 1–2 [ECF No. 76]). Dorchester premised its accusation on a single document: an October 2003 letter to the Court from counsel for SWIFT (then a party to a related suit by Dorchester), which Dorchester described as "admitting" BRJ's authorship of the SWIFT message. (*See id.* at 2; *see id.* Ex. 5 (2003 letter)). In a subsequent reply brief, Dorchester submitted a second document in support of its claim: the declaration of Sheila Baker, which states that she retrieved the SWIFT message on behalf of Dorchester while working at Chase Manhattan Bank. (*See* Baker Decl. [ECF No. 96, Ex. B-1]). In light of those documents, Dorchester claimed that BRJ had committed "fraud on the Court" by denying that it sent the SWIFT message. (Dorchester's Mot. to Compel Mem. at 1).

B. Motion to Vacate or Compel Filed Against SWIFT

On April 14, 2014, Dorchester served a third-party subpoena on SWIFT requesting, among other things, all documents related to the SWIFT message ostensibly sent by BRJ. (*See* SWIFT Subpoena at 2 [ECF No. 76, Ex. D-1]). In response, SWIFT stated that any non-privileged documents related to that message had been "deleted or [had] otherwise become unavailable during the intervening decade since SWIFT's dismissal" from Dorchester's prior action. (SWIFT's Subpoena Resp. ¶ 2 [ECF No. 76, Ex. E]).

On June 18, 2014, Dorchester filed a motion to vacate the dismissal of its prior action against SWIFT, under Federal Rule of Civil Procedure 60(b)(6), or alternatively to compel SWIFT to produce additional evidence in response to its subpoena. (Dorchester's Mot. to Vacate at 1–2 [ECF No. 105]). Dorchester claimed that SWIFT had joined BRJ's "fraud on the Court" and was withholding evidence that the SWIFT message was authentic. (*See* Dorchester's Mot. to Vacate Mem. at 1 [ECF No. 106]). According to Dorchester, SWIFT's misconduct constituted the "exceptional circumstances" required for relief under Rule 60(b)(6), as well as grounds for compelling an additional document production. (*See id.* at 7–9).

## II. Magistrate Judge Fox's Decisions

Both of Dorchester's motions were referred to Magistrate Judge Fox. On July 3, 2014, Judge Fox issued a Memorandum and Order denying Dorchester's motion to compel BRJ to produce additional evidence. (Mem. & Order [ECF No. 110]). Judge Fox held that Dorchester's motion was procedurally deficient and, in any event, meritless, as neither the 2003 letter from SWIFT's counsel nor Baker's declaration affirmatively asserted that BRJ, and not an imposter, sent the SWIFT message. (*See id.* at 7–12).

A few weeks later, Judge Fox issued a Report and Recommendation denying Dorchester's motion to vacate SWIFT's dismissal or compel further discovery. (*See* Rep. & Rec. [ECF No. 123]). Judge Fox treated Dorchester's Rule 60(b)(6) motion as timely but found it meritless, as it was based on the same unpersuasive allegations of fraud as Dorchester's failed motion to compel. (*See id.* at 6–8 [ECF No. 123]). Judge Fox also concluded that SWIFT's objections to Dorchester's subpoena were valid, and that Dorchester's request for a court order compelling a further response from SWIFT was procedurally unsound. (*See id.* at 8–9).

Dorchester has objected to the Memorandum and Order and the Report and Recommendation. (*See* Objection to Mem. & Order [ECF No. 118]; Objection to Rep. & Rec. [ECF No. 137]). Both objections essentially reiterate Dorchester's allegations of "fraud on the Court" based on the 2003 letter from SWIFT's counsel and Baker's declaration.

## III. Discussion

After reviewing the Memorandum and Order and the Report and Recommendation (the latter *de novo*), the Court agrees with Judge Fox that Dorchester's motions are meritless. As Judge Fox has explained, neither the 2003 letter nor Baker's declaration affirmatively states that BRJ, and not an imposter, sent the SWIFT message. If anything, the letter casts doubt on the SWIFT message's provenance by suggesting that "the letter of credit in favor of plaintiff may

3

have been issued as a result of a fraud involving [Dorchester] itself." (SWIFT Letter at 1 [ECF No. 106, Ex. 4]). And Baker's declaration merely confirms that the SWIFT message is the same document she retrieved while at Chase, which purports to have originated from BRJ. (*See* Baker Decl.). Those documents do not raise suspicions that BRJ or SWIFT has withheld evidence in this action concerning the SWIFT message. Accordingly, Dorchester's motions to compel BRJ and SWIFT to produce additional evidence, and to vacate the dismissal of its prior action against SWIFT, are baseless.

For the foregoing reasons, Dorchester's objections to the Memorandum and Order and Report and Recommendation are OVERRULED. The Court finds that the Memorandum and Order is not clearly erroneous or contrary to law, and it adopts the Report and Recommendation with one modification: the Court does not decide whether Dorchester's meritless Rule 60(b)(6) motion was timely.

SO ORDERED.

Dated: New York, New York
~~November~~ December 2, 2014

_____
Kimba M. Wood
United States District Judge