UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DORCHESTER FINANCIAL HOLDINGS CORP.
f/k/a DORCHESTER FINANCIAL SECURITIES,
INC.,

                Plaintiff,                                    11 Civ. 1529 (KMW)
                                                      OPINION & ORDER

      -against-

BANCO BRJ, S.A.,

                Defendant.
-----------------------------------------------------------------X
WOOD, U.S. District Judge:

        Lyndon M. Tretter, former counsel for Defendant Banco BRJ, S.A. ("BRJ"), seeks to

intervene as a defendant in this action pursuant to Rule 24 of the Federal Rules of Civil

Procedure. [Doc. No. 239]. Mr. Tretter wishes to intervene to defend against claims brought by

Plaintiff Dorchester Financial Holdings Corporation ("Dorchester") relating to Mr. Tretter's

conduct earlier in this litigation. Dorchester opposes the motion. [Doc. No. 249].

        For the reasons discussed below, this Court GRANTS Mr. Tretter's motion to intervene.

## I.      RELEVANT BACKGROUND

        In August of 2011, BRJ filed a motion to dismiss Dorchester's complaint in this action on

several different grounds. [Doc. No. 10]. In support of that motion, BRJ provided two

declarations from one of its directors, Luiz Augusto de Queiroz (the "2011 Declarations"). *See*

(Mot. to Intervene, 2 [Doc. No. 239]); (Aug. 10, 2011 Decl. of Luiz Augusto de Queiroz, [Doc.

No. 13]); (Aug. 29, 2011 Reply Decl. of Luiz Augusto de Queiroz, [Doc. No. 22]). It was

subsequently determined that these declarations contained inaccuracies with respect to (1)

whether BRJ had ever engaged in a letter of credit transaction with a U.S.-based entity, and (2)

1

the timing of when BRJ dissolved one of its business relationships. (Mot. to Intervene, 3). After

learning of these errors, BRJ filed corrected declarations and sought leave to amend its answer to

reflect those changes. *Id.*; (Mot. to Amend, [Doc. No. 125]); (July 29, 2014 Decl. of Luiz

Augusto de Queiroz, [Doc. No. 127]). On September 14, 2014, Magistrate Judge Fox granted the

motion to amend, [Doc. No. 159], and on January 13, 2015, this Court affirmed Judge Fox's

order, over Dorchester's objections, [Doc. No. 193]. *See* (Mot. to Intervene, 4).

On May 5, 2015, T.J. Morrow, former counsel to Plaintiff in this action,[1] filed suit on

behalf of Dorchester against Mr. Tretter and his former law firm, Hogan Lovells LLP ("Hogan

Lovells"), in the Eastern District of New York (the "E.D.N.Y. Action"). *Id.* at 1. Dorchester

alleged that Mr. Tretter and Hogan Lovells, as counsel to BRJ at the time the 2011 Declarations

were filed, knowingly submitted documents containing misrepresentations to the Court, in

violation of New York Judiciary Law § 487. *Id.*; (Pl.'s Mem. of Law in Opp'n to Tretter's Mot.

to Intervene ("Pl.'s Opp'n"), 1 [Doc. No. 249]). Dorchester's complaint asserted that the filings

were made in bad faith and that Mr. Tretter and Hogan Lovells "were aware that both

declarations contained materially false representations" at the time they were filed. (Riccardi

Decl., Ex. B at 4 (E.D.N.Y. Compl. ¶ 14) [Doc. No. 240-4]).

On August 18, 2015 during a pre-motion conference, Judge Margo K. Brodie dismissed

the E.D.N.Y. Action for lack of subject matter jurisdiction because the parties lacked complete

diversity.[2] *See* (Reply Mem. of Law in Supp. Tretter's Mot. to Intervene ("Reply"), 2 n.2 [Doc.

No. 253]).

---

[1] Mr. Morrow was disqualified as counsel to Plaintiff. *See* (Order Granting Mot. to Disqualify, [Doc. No. 113]); (Order Overruling Objections to Disqualification, [Doc. No. 191]).
[2] Both Hogan Lovells and Dorchester are citizens of Florida. (Riccardi Decl., Ex. C at 1-2 [Doc. No. 240-6]).

On July 31, 2015, Mr. Tretter filed his motion to intervene as a defendant in this action pursuant to Federal Rule of Civil Procedure 24(b), in order to defend against the claims raised by Dorchester in the E.D.N.Y. Action. *See* (Mot. to Intervene, 1-2). Dorchester opposes his intervention primarily on the ground that Mr. Tretter's defense does not relate to any of the existing claims or defenses in this action. *See* (Pl.'s Opp'n, 2-3).

## II.      LEGAL STANDARD

"Permissive intervention is wholly discretionary with the trial court." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). Rule 24(b)(1) states that a court "may" permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In determining whether to grant permissive intervention, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986). Courts may also consider factors such as (1) the nature and extent of the intervenor's interests; (2) the degree to which those interests are adequately represented by other parties; (3) whether the party seeking intervention will significantly contribute to the development of the underlying factual and/or legal issues in the suit; and (4) whether there is another adequate remedy to protect the intervenor's rights. *See H.L. Hayden Co.*, 797 F.2d at 89; 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed. 2013). Overall, district courts enjoy "very broad" discretion to determine whether to permit intervention based on a claim of commonality. *See U.S. Postal Serv.*, 579 F.2d at 191 (2d Cir. 1978); *see also St. John's Univ., N.Y. v. Bolton*, 450 Fed. App'x 81, 84 (2d Cir. 2011).

### III.   DISCUSSION

Mr. Tretter seeks to intervene in this action to defend against claims that he violated New York Judiciary Law § 487 by submitting the 2011 Declarations to this Court. Section 487 prohibits any attorney or counselor from engaging in or consenting to "any deceit or collusion, with [the] intent to deceive the court or any party." N.Y. Judiciary Law § 487 (McKinney).

The Court finds that intervention pursuant to Rule 24(b) is appropriate here for a number of reasons. First, Mr. Tretter's defense to the Section 487 claim shares several factual and legal issues in common with this litigation: (1) the allegedly deceptive 2011 Declarations that form the basis for Dorchester's Section 487 claim were filed as part of this action before this Court; (2) the alleged misrepresentations therein were subsequently brought to the attention of this Court and remedied by the corrected declarations; and (3) this Court has previously considered argument on (and decided) whether BRJ and Mr. Tretter filed the 2011 Declarations in bad faith. *See* (Sept. 12, 2014 Memorandum and Order, 4 [Doc. No. 159]); (Jan. 13, 2015 Order, 1 [Doc. No. 193]). These common questions more than suffice to permit intervention.

Second, the intervention of Mr. Tretter is not likely to cause undue delay or prejudice to the original parties in the adjudication of their rights. As Mr. Tretter points out, the Court is familiar with—and indeed has already considered—the facts underlying Dorchester's Section 487 claim; therefore, the adjudication of these issues should necessitate minimal discovery or additional briefing. *See* (Reply, 4). In addition, the summary judgment motions currently pending before the Court involve legal issues that are entirely separate and distinct from those underlying the Section 487 claim against Mr. Tretter. Because these issues are distinct, the Court will not need to delay its adjudication of the summary judgment motions while waiting for any briefing or discovery relating to the Section 487 claim.

Finally, the Court believes that intervention by Mr. Tretter is appropriate because his interests in defending against the Section 487 claim will not be adequately represented by any of the current parties to the action.[3]

Dorchester's remaining objections to the intervention are unavailing. First, Dorchester states that this Court lacks subject matter jurisdiction over the action between Mr. Tretter and Dorchester. *See* (Pl.'s Opp'n, 7). This is incorrect. Mr. Tretter is a New York citizen and Dorchester is an inactive Florida corporation, therefore the Court has an independent basis for subject matter jurisdiction under 28 U.S.C. § 1332.[4,5]

Second, Dorchester asserts that Mr. Tretter's intervention is untimely because the motion was filed around the time the existing parties filed their motions for summary judgment. *See* (Pl.'s Opp'n, 9). But "the determination of timeliness of a motion to intervene is committed to the discretion of the trial court and must be based on all of the circumstances of the case." *Dow*

---

[3] There is some case law holding that a Section 487 claim *must* be brought in the same proceeding where the alleged violation occurred unless the party was unaware of the violation at that time. *See Seldon v. Bernstein*, No. 09-CV-6163, 2010 WL 3632482, at *2 (S.D.N.Y. Sept. 16, 2010) (Hellerstein, J.) *aff'd* 503 F. App'x 32 (2d Cir. 2012); *Hansen v. Werther*, 767 N.Y.S.2d 702, 702-03 (App. Div. 2003) (quoting *Yalkowsky v. Century Apts. Assoc*, 626 N.Y.S.2d 181, 182-83 (App. Div. 1995) ("[P]laintiff's remedy lies exclusively in that lawsuit itself . . . not a second plenary action collaterally attacking the judgment in the original action.")); *Sanchez v. Abderrahman*, No. 10-CV-3641, 2012 WL 1077842, at *12 (E.D.N.Y. Mar. 30, 2012) (describing the rule that a Section 487 claim be brought in the same action as "well-settled"). *But see Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229, 261-62 (S.D.N.Y. 2012) (Gardephe, J.) (rejecting the conclusion that a Section 487 claim must be brought in the same proceeding).

Although the case law is mixed, the Court believes that in this specific circumstance it is appropriate for the Section 487 claim to be heard as part of this action rather than in a separate proceeding. This conclusion is bolstered by the statements made by Judge Brodie that if there had been proper subject matter jurisdiction in the E.D.N.Y. Action, the court would have "transfer[red the case] to the Southern District where it would be assigned to Judge Kimba Wood who is the judge currently dealing with the underlying matter." (Supp. Riccardi Decl., Ex. A at 7:12-14 [Doc. No. 254-1]).

[4] Dorchester alleged in the E.D.N.Y. Action that the amount in controversy exceeds $75,000. (Riccardi Decl., Ex. B at 2 (E.D.N.Y. Compl. ¶ 5)).

[5] Mr. Tretter would also be entitled to intervene in the existing action even if he were not diverse from Dorchester, either as a defendant, *see Consolidated Edison, Inc. v. Northeast Utilities*, No. 01-CV-1893, 2004 WL 35445, at *4 n.3 (S.D.N.Y. Jan. 7, 2004) (Koeltl, J.) (citing *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir. 2000)), or as a plaintiff, because his interest arose *after* the commencement of the action, *see Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428-29 (holding that the addition of a non-diverse party that "had no interest whatsoever in the outcome of the litigation until sometime after [the] suit was commenced" did not defeat jurisdiction based on diversity).

*Jones & Co. v. U.S. Dep't of Justice*, 161 F.R.D. 247, 251 (S.D.N.Y. 1995) (Sotomayor, J.)

(citing *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. and Mkts.*, 847 F.2d 1038,

1043-44 (2d Cir. 1988)). In assessing timeliness, courts may consider a number of factors

including: "'(1) the length of time the applicant knew or should have known of his [or her]

interest before making the motion; (2) prejudice to existing parties resulting from the applicant's

delay; (3) prejudice to [the] applicant if the motion is denied; and (4) presence of unusual

circumstances militating for or against a finding of timeliness.'" *Id.* (quoting *United States v.*

*New York*, 820 F.2d 554, 557 (2d Cir. 1987)). Here, Mr. Tretter filed his motion to intervene

forty-eight days after the E.D.N.Y. Action was commenced, which the Court believes is a

reasonable length of time. *See, e.g.*, *Commack Self-Service Kosher Meats, Inc. v. Rubin*, 170

F.R.D. 93, 100 (E.D.N.Y. 1996) (forty-six days is a reasonable length of time).

Finally, Dorchester asserts that it was not served with the motion papers as required by

Rule 24(c). "A motion to intervene must be served on the parties as provided in Rule 5. The

motion must state the grounds for intervention and be accompanied by a pleading that sets out

the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Dorchester received

service by the Court's Electronic Case Filing system as permitted by Federal Rule of Civil

Procedure 5(b)(3) and Local Civil Rule 5.2(a).

Dorchester's objection to service appears to be based on the alleged defects of the

proposed complaint in intervention that Mr. Tretter offered in support of his motion. *See* (Pl.'s

Opp'n, 7). The proposed complaint in intervention is a copy of the complaint filed in the

E.D.N.Y. Action, but modified to remove Hogan Lovells as a defendant and to exclude

allegations directed at Hogan Lovells.[6] *See* (Riccardi Decl. ¶ 1 [Doc. No. 240]). Dorchester asserts that this is a "false and fraudulent" document because the complaint was originally written by Mr. Morrow, but Mr. Morrow did not approve of, consent to, or sign the filing in *this* action. *See* (Pl.'s Opp'n, 4-5).[7]

The Court does not believe that the alterations in the proposed complaint in intervention—which were disclosed and clearly described—render the pleading (or its service) invalid. Courts enjoy broad discretion in determining whether to permit intervention under Rule 24(b), and often allow intervention even when the pleadings do not conform precisely to the requirements of Rule 24(c), so long as the parties have clear notice of the intervenor's position. *See, e.g.*, *Windsor v. United States*, 797 F. Supp. 2d 320, 325-26 (S.D.N.Y. 2011) (Francis, J.) (allowing intervention despite movant's failure to provide any pleading in support of the motion, where the intervenor's position was clear and motion papers provided adequate notice to all parties); 7 Wright & Miller, Federal Practice and Procedure § 1914 n.14 (3d ed. 2013) (collecting cases). Mr. Tretter clearly disclosed the alterations made to the original complaint from the E.D.N.Y. Action, and also provided an unaltered copy of that complaint to the Court. (Riccardi Decl., Ex B). Therefore the Court finds that the proposed complaint in intervention is sufficient to support Mr. Tretter's motion to intervene pursuant to Rule 24(b).

---

[6] The Court agrees with Mr. Tretter that the removal of Hogan Lovells from the proposed complaint in intervention does not render the filing deficient, because any finding of Hogan Lovells' liability would be premised entirely on a finding of liability against Mr. Tretter. *See* (Reply, 4).

[7] Dorchester requests that Rule 11 sanctions be imposed upon Mr. Tretter and his attorneys based on the filing of the altered E.D.N.Y. complaint. (Pl.'s Opp'n, 3-4). Sanctions under Rule 11(c)(3) are "appropriate where an individual has made a false statement to the court and has done so in bad faith." *S.E.C. v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013) (citing *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2009)). Here the Court finds no evidence of a false statement (because the alterations to the E.D.N.Y. complaint were clearly disclosed) or bad faith, and therefore concludes that sanctions are not warranted.

## IV.    CONCLUSION

For the reasons discussed above, Mr. Tretter's motion to intervene is GRANTED. The

Court directs Mr. Tretter to re-cast the proposed pleading as a complaint by a third-party plaintiff

seeking declaratory relief and submit it to the Court by March 31, 2015.

This Opinion & Order resolves docket entry 239.

SO ORDERED.

DATED:     New York, New York
           March 2, 2016

                                        _____/s/_____
                                        KIMBA M. WOOD
                                        United States District Judge