UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

DORCHESTER FINANCIAL HOLDINGS CORP.
f/k/a DORCHESTER FINANCIAL SECURITIES,
INC.,

        Plaintiff,                                       11-CV-1529 (KMW)
                                                                        **OPINION & ORDER**

   -against-

BANCO BRJ, S.A.,

        Defendant.
---------------------------------------------------------------X

Kimba M. WOOD, United States District Judge:

On September 11, 2015, this Court issued an Order imposing sanctions on Theodore Cummings, attorney for Plaintiff Dorchester Financial Holdings Corporation ("Dorchester"). (Sept. 11, 2015 Order, [Doc. No. 258]). Dorchester now moves for reconsideration of that decision, which Defendant Banco BRJ, S.A. ("BRJ") opposes. For the reasons that follow, the Court DENIES Dorchester's motion.

## I.    BACKGROUND

In 2015, more than four years after the start of this case, Dorchester filed a motion for default judgment in which it argued that (1) BRJ's appearance in the case was no longer valid, and (2) the Court could not enforce prior orders that were adverse to Dorchester—including a prior sanctions order and an order disqualifying Dorchester's previous counsel of record— because the Court lacked personal jurisdiction over BRJ when those orders had been issued. (April 14, 2015 Cummings Decl. ¶¶ 37-44, [Doc. No. 205-2]).

On May 1, 2015, the Court denied Dorchester's motion for default judgment, noting that Dorchester's arguments contradicted each other and the Second Circuit's prior holding that

1

Dorchester had made a prima facie showing of personal jurisdiction (the "Default Judgment Order"). (May 1, 2015 Order, 1 [Doc. No. 209]). The Court also imposed sanctions on Dorchester and Cummings, jointly and severally, under Federal Rule of Civil Procedure 11. *Id.* at 3-4. Dorchester then moved for reconsideration of the Court's order. *See* (Mot. for Reconsideration of Default Judgment Order, 8-11 [Doc. No. 210]).

On May 19, 2015, the Court granted Dorchester's motion for reconsideration of the sanctions order because of a procedural error. (May 19, 2015 Order, (the "Order to Show Cause"), [Doc. No. 214]). To remedy that error, and to ensure that Dorchester had a full and fair opportunity to contest the potential sanctions, the Court ordered Dorchester "to show cause why its default judgment motion did not (1) violate Federal Rules of Civil Procedure 11(b)(1) or 11(b)(2), meriting a monetary sanction; or (2) merit a monetary sanction against Cummings under 28 U.S.C. § 1927." *Id*. at 2. Dorchester responded but offered no explanation as to why sanctions were unwarranted, instead claiming that the default judgment motion was justified because the Court had acted unfairly in ruling against Dorchester on other issues. *See* (Pl.'s Mem. of Law Showing Cause, [Doc. No. 219]).

On September 11, 2015, this Court issued an order holding that Dorchester's attorney, Theodore Cummings, should be sanctioned pursuant to 28 U.S.C. § 1927, because the default judgment motion "lacked any legal or factual basis," and was filed in "bad faith" (the "Sanctions Order"). (Sept. 11, 2015 Order, 5-6). The Court ordered Mr. Cummings to pay the lesser of (1) BRJ's reasonable legal fees and costs relating to the default judgment motion, or (2) $3,000.

Dorchester then filed a motion for reconsideration of the Court's September 11, 2015 sanctions order, (Mot. for Reconsideration of Sanctions Order ("Mot. for Reconsideration"), [Doc. No. 260]), which BRJ opposes, (Mem. of Law in Opp'n., [Doc. No. 263]).

2

## II. LEGAL STANDARD

A motion for reconsideration should be granted only where "the moving party can point to controlling decisions or data that the court overlooked," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), or where necessary to "correct a clear error or prevent manifest injustice," *Banco de Seguros del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (Scheindlin, J.) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (Sweet, J.)). This standard "must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. Ltd.*, No. 00-CV-9214, 2003 WL 21263544, at *2 (S.D.N.Y. June 2, 2003) (Sweet, J.). Moreover, "[a] motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (Scheindlin, J.) (quoting *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (Rakoff, J.)) (internal quotation marks omitted).

## III. DISCUSSION

Dorchester has failed to point to any controlling decisions of law or relevant facts that the Court overlooked in its earlier order.

First, Dorchester argues that the Court may not impose sanctions under § 1927 because the Court is bound by its Default Judgment Order, which imposed sanctions under Rule 11 but not under § 1927. (Mot. for Reconsideration, 1). Dorchester asserts that, because BRJ did not move for reconsideration of that order, it is now the law of the case that Cummings did not act with bad faith in filing the default judgment motion and therefore cannot be sanctioned under § 1927. *Id.* at 3. This argument overlooks the fact that Dorchester *itself* moved for reconsideration

of the Default Judgment Order, and that the motion was successful. *See* (Order to Show Cause). As a result of Dorchester's motion, the portion of the Default Judgment Order imposing Rule 11 sanctions was vacated and replaced by an order giving Dorchester an opportunity to show cause as to why sanctions were unwarranted. *See id.* Thus, the Court is not bound by the Default Judgment Order.[1]

Second, Dorchester argues that Mr. Cummings may not be sanctioned under § 1927 because the Order to Show Cause was directed to Dorchester, not to him individually, and therefore that Mr. Cummings did not receive the necessary due process prior to the imposition of sanctions against him. (Mot. for Reconsideration, 11). However, Dorchester has pointed to no legal support, controlling or otherwise, for its contention that an attorney facing sanctions pursuant to § 1927 must be ordered personally to show cause for his or her conduct if the party that attorney represents has already been ordered to do so. *See id.* Due process requires simply that "courts provide notice and opportunity to be heard before imposing any kind of sanctions." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (internal citations and quotation marks omitted). This means that the attorney facing possible sanctions must receive specific notice of (1) "the conduct alleged to be sanctionable"; (2) "the standard by which that conduct will be assessed"; and (3) "the authority under which sanctions are being considered," and must be given "an opportunity to be heard on that matter . . . to defend [him or her]self against specific charges." *Id.* (quoting *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997)). Here, the Court's Order to Show Cause described in detail the conduct that the Court considered sanctionable, and provided Mr. Cummings notice that he faced the possibility of

---

[1] Furthermore, the Default Judgment Order made no findings as to whether Mr. Cummings acted with bad faith. Although the Court declined to impose sanctions upon Mr. Cummings personally under § 1927, the Court never held that such sanctions would be unwarranted. *See* (May 1, 2015 Order, 4).

4

sanctions under § 1927, which authorizes the imposition of sanctions against an attorney in his personal capacity. Mr. Cummings was then given an opportunity to respond to the Order to Show Cause and defend his conduct before the Court ruled. *See id.* at 335-36. Accordingly, the Court's imposition of sanctions on Mr. Cummings pursuant to § 1927 was proper.

Dorchester has also failed to show that the Court committed clear error in sanctioning Mr. Cummings. Under § 1927, a court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. It is settled law that to impose sanctions pursuant to § 1927, a court must find both that "the offending party's claims were entirely without color" and that "the claims were brought in bad faith." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000).[2] The Court in the Sanctions Order found that both of these conditions were met by Mr. Cummings' conduct in filing the default judgment motion. *See* (Sanctions Order, 5-6). The default judgment motion (1) relied on case law that was more than seventy-five years out of date; (2) directly contradicted the Second Circuit's earlier holding in this case; and (3) was filed, by Dorchester's own admission, to protest several of the Court's prior orders that it found unfair. *See id.* Although Dorchester insists repeatedly that the Court committed "clear error" in sanctioning Mr. Cummings, it has failed to offer any explanation of why the Court's conclusion that was incorrect.

Finally, Dorchester has failed to show that the Sanctions Order must be vacated in order to prevent a "manifest injustice." Far from calling into question the justness of the Sanctions

---

[2] A claim is entirely without color if it "lacks any legal or factual basis." *Rates Tech. Inc. v. Broadvox Holding Co., LLC*, 56 F. Supp. 3d 515, 527 (S.D.N.Y. 2014) (Scheindlin, J.) (quoting *Sierra Club v. United States Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir. 1985)). And a claim is brought in bad faith if it is "motivated by improper purposes such as harassment or delay." *Eisemann*, 204 F.3d at 396 (internal quotation marks omitted). In addition, bad faith may be inferred "if [an attorney's] actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer Nance & Co.*, 194 F.3d at 336.

5

Order, Dorchester's motion for reconsideration strengthens the Court's conclusion that sanctions against Mr. Cummings were—and still are—warranted. Dorchester's most recent motion renews its earlier argument that its baseless default judgment motion was somehow justified because of this Court's perceived unfair treatment. (Mot. for Reconsideration, 4 ("Dorchester primarily brought its default judgment motion because it could not believe that the Court did not address Banco's president Luiz Augusto de Queiroz's misrepresentations from August 2011.")). Dorchester's continued insistence that it was entitled to file a motion entirely without legal foundation merely because it was unhappy with the Court's prior rulings simply serves to underscore that it acted in bad faith. These are exactly the circumstances that justify sanctions.

The amount of sanctions is set at $3,000, which is over $3,000 lower than BRJ's costs and attorneys' fees related to the default judgment motion that Dorchester has not challenged.[3]

## IV.   CONCLUSION

For the foregoing reasons, Dorchester's motion for reconsideration is DENIED. Mr. Cummings is directed to pay $3,000 to BRJ within thirty days of the date of this Opinion & Order. This Opinion & Order resolves docket entry 259.

SO ORDERED.

DATED:   New York, New York
         May 19, 2016

                                                    /s/
                                      KIMBA M. WOOD
                              United States District Judge

---

[3] BRJ submitted an estimate of its reasonable legal fees and costs related to the default judgment motion, which totaled $10,747.26. (Doc. No. 261-1 at 10). Dorchester objected to this accounting and refused to stipulate that BRJ's fees and costs on the motion exceed $3,000. (Doc. No. 261 at 1). However, excluding the specific time entries to which Dorchester objected, BRJ's uncontested costs total approximately $6,000, an amount clearly in excess of $3,000. *See* (Opp'n, 8). Therefore, the Court concludes that $3,000 is the appropriate amount of sanctions.