UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

DORCHESTER FINANCIAL HOLDINGS CORP.
f/k/a DORCHESTER FINANCIAL SECURITIES,
INC.,

      Plaintiff,        11-CV-1529 (KMW)
                   **OPINION & ORDER**

 -against-

BANCO BRJ, S.A.,

      Defendant.
---------------------------------------------------------------

LYNDON M. TRETTER,

      Third-Party Plaintiff,

 -against-

DORCHESTER FINANCIAL HOLDINGS CORP.
f/k/a DORCHESTER FINANCIAL SECURITIES,
INC.,

      Third-Party Defendant
---------------------------------------------------------------X

WOOD, United States District Judge:

  Third-Party Defendant Dorchester Financial Holdings Corporation ("Dorchester") has filed a motion to dismiss the Third-Party Complaint of Lyndon M. Tretter, former counsel to Defendant Banco BRJ, S.A. ("BRJ"), arguing that the Court lacks subject matter jurisdiction over the Third-Party Action. (Mot. to Dismiss, [Doc. No. 272]).

  For the reasons discussed below, the Court DENIES Dorchester's motion.

  **I.**  **RELEVANT BACKGROUND**

  The Third-Party Action arose out of BRJ's filing of two declarations in support of a motion to dismiss (the "2011 Declarations"). *See* (Aug. 10, 2011 Decl. of Luiz Augusto de

1

Queiroz, [Doc. No. 13]); (Aug. 29, 2011 Reply Decl. of Luiz Augusto de Queiroz, [Doc. No. 22]). BRJ later learned that the declarations contained certain inaccuracies, at which point BRJ filed corrected declarations and sought leave to amend its answer to reflect those changes. *Id.*; (Mot. to Amend, [Doc. No. 125]); (July 29, 2014 Decl. of Luiz Augusto de Queiroz, [Doc. No. 127]). On September 14, 2014, Magistrate Judge Fox granted the motion to amend, [Doc. No. 159], and on January 13, 2015, this Court affirmed Judge Fox's order, over Dorchester's objections, [Doc. No. 193]. *See* (Mot. to Intervene, 4).

On May 5, 2015, T.J. Morrow, former counsel to Plaintiff in this action,[1] filed suit on behalf of Dorchester against Tretter and his former law firm, Hogan Lovells LLP ("Hogan Lovells"), in the Eastern District of New York (the "E.D.N.Y. Action"). (Mot. to Intervene, 1 [Doc. No. 241]). Dorchester alleged that Tretter and Hogan Lovells, as former counsel to BRJ, knowingly submitted documents containing misrepresentations to the Court, in violation of New York Judiciary Law § 487. *Id.*; (Pl.'s Mem. of Law in Opp'n to Tretter's Mot. to Intervene, 1 [Doc. No. 249]). Dorchester's complaint asserted that the filings were made in bad faith and that Tretter and Hogan Lovells "were aware that both declarations contained materially false representations" at the time they were filed. (Riccardi Decl., Ex. B at 4 (E.D.N.Y. Compl. ¶ 14) [Doc. No. 240-4]). On August 18, 2015 during a pre-motion conference, Judge Margo K. Brodie dismissed the E.D.N.Y. Action for lack of subject matter jurisdiction because the parties lacked complete diversity.[2] *See* (Reply Mem. of Law in Supp. Tretter's Mot. to Intervene, 2 n.2 [Doc. No. 253]).

---

[1] Mr. Morrow was disqualified as counsel to Dorchester. *See* (Order Granting Mot. to Disqualify, [Doc. No. 113]); (Order Overruling Objections to Disqualification, [Doc. No. 191]).

[2] Both Hogan Lovells and Dorchester are Florida citizens. (Riccardi Decl., Ex. C at 1-2 [Doc. No. 240-6]).

On July 31, 2015, Tretter filed his motion to intervene as a defendant in this action pursuant to Federal Rule of Civil Procedure 24(b), in order to defend against the claims raised by Dorchester in the E.D.N.Y. Action. *See* (Mot. to Intervene, 1-2). On March 2, 2016, this Court granted Tretter's motion, but ordered that he re-cast his pleading as a complaint by a third-party plaintiff seeking declaratory relief. *See Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, No. 11-CV-1529, 2016 WL 845333, at *4 (S.D.N.Y. Mar. 2, 2016) (Wood, J.). Tretter did so, filing his Third-Party Complaint on March 17, 2016. [Doc. No. 268].

Dorchester then filed its motion to dismiss the Third-Party Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Mot. to Dismiss, [Doc. No. 272]).[3]

## II.   LEGAL STANDARD

Under Rule 12(b)(1), an action must be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, evidence outside of the pleadings may be considered by the court to resolve any disputed jurisdictional fact issues. *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Morrison*, 547 F.3d at 170 (citing

---

[3] Dorchester also labels its motion as one to strike the Third-Party Complaint, pursuant to Federal Rule of Civil Procedure 14(a)(4). However, nowhere in its motion papers does Dorchester mention Rule 14(a)(4) or offer any arguments in support of such a motion. Moreover, Dorchester's motion ignores the Court's prior ruling expressly permitting Tretter to file the Third-Party Complaint. *See Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, No. 11-CV-1529, 2016 WL 845333, at *4 (S.D.N.Y. Mar. 2, 2016) (Wood, J.). Therefore, the Court declines to strike the Third-Party Complaint.

3

*Makarova*, 201 F.3d at 113). When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not necessarily draw inferences from the complaint favorable to the plaintiff. *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

### III.   DISCUSSION

Dorchester argues that the Court lacks subject matter jurisdiction over the Third-Party Action because (1) Hogan Lovells—and not Tretter—is the true party in interest, and Hogan Lovells is not diverse from Dorchester; (2) the amount in controversy requirement is not satisfied; and (3) Tretter's action is barred by Florida statute. The Court disagrees with each of these contentions.

First, Dorchester argues that the Court lacks diversity jurisdiction over this action because Hogan Lovells, rather than Tretter, is the real party to the controversy. *See* (Mot. to Dismiss, 1).[4] For diversity jurisdiction to be proper, the plaintiff must be a "real and substantial party to the controversy." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193-94 (2d Cir. 2003) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)).[5] A plaintiff is a "real and substantial party to the controversy" if she or he is not a "mere conduit" or agent, but is instead "an individual who has his [or her] own stake in the litigation." *Id.* at 194; *see also U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 608 (S.D.N.Y. 2012) (Koeltl, J.).

---

[4] The Declaratory Judgment Act does not confer an independent basis for subject matter jurisdiction; instead, the operation of the Act is "procedural only." See 10B Wright & Miller, Federal Practice and Procedure § 2766 (3d ed. 1998). "There must be an independent basis of jurisdiction, under statutes equally applicable to actions for coercive relief, before a federal court may entertain a declaratory-judgment action." *Id.*

[5] This standard is similar to—but not precisely the same as—the real party in interest standard of Federal Rule of Civil Procedure 17. The latter is a procedural requirement, but does not affect the subject matter jurisdiction of the Court. *See Navarro*, 446 U.S. at 462 n.9; *Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 861 n.4 (2d Cir. 1995).

Tretter has adequately shown that he has his own stake in the litigation. Tretter is not acting here merely as the agent of Hogan Lovells, as Dorchester contends; on the contrary, Tretter was named as a defendant in his individual capacity in the E.D.N.Y. Action, separate and apart from Hogan Lovells. *See* (Mem. of Law in Opp'n, 3 [Doc. No. 273]). He therefore has ample reason to seek a declaratory judgment to resolve that claim against him, and is properly treated as a real and substantial party to the controversy for purposes of determining diversity jurisdiction.

Second, Dorchester argues that Tretter has failed to allege that the amount in controversy exceeds $75,000, as required by 18 U.S.C. § 1332. *See* (Mot. to Dismiss, 1). "In actions seeking declaratory . . . relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). This amount is "calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir. 1972)); *see also Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975) ("[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.").

Tretter's Third-Party Complaint properly alleges that the amount in controversy exceeds $75,000. *See* (Third-Party Complaint ¶ 3). In determining this amount, Tretter relied on Dorchester's own assertion of the amount in controversy in the E.D.N.Y. Action, where

5

Dorchester sought millions of dollars in damages. *See* (E.D.N.Y. Compl., 2, 25-26 [Doc. No. 268-1]). Tretter's assertion of the amount in controversy is therefore sufficient.[6]

Finally, Dorchester argues that Tretter's claim is barred by Florida Statute 607.1407, which establishes procedures by which a dissolved corporation may "resolve payment of unknown claims," and sets a time limit for parties to bring claims once any of the statutory procedures have been completed.[7] Fla. Stat. Ann. § 607.1407. Dorchester argues that, because it has complied with one of the procedures enumerated in the statute, Tretter's claim is barred because it was not commenced within four years. *See id.*; (Mot. to Dismiss, 1, 3).

The Court, however, agrees with Tretter that this provision of the Florida statute pertains only to the payment of *monetary* claims against a dissolved corporation, and therefore does not bar a suit for declaratory relief.[8] In addition, a related provision of the Florida Business Corporation Act specifically states that the dissolution of a corporation does not "[p]revent commencement of a proceeding by or against a corporation in its corporate name." Fla. Stat. Ann. § 607.1405(e)(2).[9] Courts interpreting this provision have repeatedly held that parties are entitled to bring suit against a dissolved Florida corporation. *See, e.g.*, *Samples v. Conoco, Inc.*, 165 F. Supp. 2d 1303, 1319-20 (N.D. Fla. 2001) (holding that "[u]ndisputably, Florida law permits an aggrieved party to sue a dissolved corporation" even if the party has no expectation of

---

[6] In the alternative, the Court would also have jurisdiction over the instant controversy under 28 U.S.C. § 1367(b), as the Court noted in its earlier decision. *See Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, No. 11-CV-1529, 2016 WL 845333, at *3 n.5 (S.D.N.Y. Mar. 2, 2016) (Wood, J.).

[7] The capacity of a dissolved corporation to sue or be sued is determined by the law of the state of incorporation. Fed. R. Civ. P. 17(b)(2).

[8] The statutory text supports the Court's conclusion that this provision applies only to monetary claims against dissolved corporations. The first sentence of the provision explains that a dissolved corporation "may choose to execute one of the following procedures to resolve *payment* of unknown claims." Fla. Stat. Ann. § 607.1407 (emphasis added). And the final section provides that, notwithstanding the enumerated procedures, a claim may be entered against the dissolved corporation "to the extent of its undistributed assets" and provides additional procedures "if the assets have been distributed in liquidation." *Id.*

[9] In fact, Dorchester cites to this same provision as the source of authority that allows it to bring suit, (Mot. to Dismiss, 1), even though it was dissolved in 2006, *id.* at 3.

collecting funds from the corporation); *Intelsat Corp. v. Multivision TV LLC*, 736 F. Supp. 2d 1334, 1340 n.5 (S.D. Fla. 2010) (holding that a Florida corporation could be sued six years after it was dissolved); *Brown v. Sunrise Senior Living Servs. Inc.*, No. 09-69759-CIV, 2009 WL 2430900, at *2 (S.D. Fla. Aug. 7, 2009) ("[A] dissolved corporation may still be sued in Florida."); *Ewert v. Poly Implant Protheses*, No. Civ. A. H-07-3065, 2008 WL 4747206, at *2 (S.D. Tex. Oct. 27, 2008) (applying Florida law); *Deleo v. Swirsky*. No. 00-C-6917, 2001 WL 687458, at *9 (N.D. Ill. June 19, 2001) (same). In light of this authority, the Court concludes that Tretter's suit is not barred, but in fact is expressly permitted, by Florida law.

## IV. CONCLUSION

For the foregoing reasons, Dorchester's motion to dismiss is DENIED. If either party wishes to file a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), it shall do so on or before July 22, 2016.

This Opinion & Order resolves docket entry 271.

SO ORDERED.

DATED:   New York, New York
         July 8, 2016

>                              /s/
>                     KIMBA M. WOOD
>                     United States District Judge